UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OTIS MURRAY, III,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
                                        /

File No.  1:04-CV-248

HON. ROBERT HOLMES BELL

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a motion for reconsideration filed by Movant Otis Murray, III.  By opinion and order dated February 10, 2005, this Court denied Movant's motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence.  Movant has filed a motion for reconsideration based on the Court's failure to consider a claim under *Blakely v. Washington*, 124 S. Ct. 2531 (2004), that was contained in Movant's supplemental submission.

The *Blakely* argument Movant raised in his supplemental submission is now governed by the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005), which applied the *Blakely* reasoning to the Federal Sentencing Guidelines.  Under *Booker*, "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id*. at 756.

The Supreme Court directed that its holding in *Booker* be applied to all cases on direct review. *Id.* at 769. Murray was sentenced on May 1, 1998, and his judgment of conviction was entered on May 4, 1998. *United States v. Blackmon*, Case No. 1:97-CR-82 (Docket # 624). Murray's conviction and sentence were affirmed on appeal. *United States v. Buchanan*, 213 F.3d 302 (6th Cir. 2000). However, the Sixth Circuit subsequently granted Murray's motion to recall the mandate and remanded the case to the district court for resentencing in light of the Supreme Court's opinion in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *United States v. Murray*, Case No. 98-1537 (6th Cir. Jan. 9, 2001). Murray was resentenced on February 22, 2001. Case No. 1:97-CR-82 (Docket # 808). On February 25, 2003, Murray's amended sentence was affirmed on appeal. *United States v. Murray*, Case No. 01-1393 (6th Cir. Feb. 25, 2003). "When a federal criminal defendant takes a direct appeal to the court of appeals, his judgment of conviction becomes final for § 2255 purposes upon the expiration of the 90-day period in which the defendant could have petitioned for certiorari to the Supreme Court, even when no certiorari petition has been filed." *Sanchez-Castellano v. United States*, 358 F.3d 424, 426-27 (6th Cir. 2004). Accordingly, Murray's conviction became final on or about May 25, 2003.

Movant's case was no longer on direct review in 2005 when *Booker* was decided. The general rule is that "federal habeas corpus petitioners may not rely on new rules of criminal procedure handed down after their convictions have become final on direct appeal." *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005) (citing *Schriro v. Summerlin*,

124 S. Ct. 2519, 2523 (2004)).  In *Humphress* the Sixth Circuit determined that the rule announced in *Booker* does not fall within either of the two exceptions to this general rule of nonretroactivity identified in *Teague v. Lane*, 489 U.S. 288 (1989).  *Humphress*, 398 F.3d at 862-63.  Because *Booker* does not apply retroactively in collateral proceedings, Movant's *Booker* argument is without merit.  The Court is accordingly satisfied that Movant's § 2255 motion, as supplemented, must still be denied.

Movant has also filed a motion for certificate of appealability.  To obtain a certificate of appealability a habeas prisoner must make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c).  A prisoner can meet this burden by demonstrating that reasonable jurists could debate whether the petition should have been resolved in a different manner.  *Slack v. McDaniel*  529 U.S. 473, 483-84 (2000).

Movant has not made the requisite showing that reasonable jurists could find his arguments debatable.  As noted in this original opinion and order denying Movant's § 2255 motion, the assertions of ineffective assistance of counsel contained in Movant's affidavit are belied by his testimony in court, are contradicted by affidavits from his own counsel and the prosecuting attorney, and/or are not based on personal knowledge.  Moreover, the non-retroactivity of *Booker* has been firmly established by the Sixth Circuit in *Humphress*. Accordingly,

**IT IS HEREBY ORDERED** that Movant's motion for reconsideration (Docket # 15) is **DENIED**.

**IT IS FURTHER ORDERED** that Movant's motion for certificate of appealability (Docket # 17) is **DENIED**.

Date:      July 1, 2005              /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     CHIEF UNITED STATES DISTRICT JUDGE